In re T. A. McINTYRE & CO.

In re McINTYRE.

(District Court, S. D. New York. August 20, 1912.)

BANKRUPTCY (§ 314*)—PROVABLE DEBTS—LIABILITY AS INDORSER—NECESSITY OF NOTICE.

Under Negotiable Instruments Act N. Y. (Consol. Laws 1909, c. 38) §§ 172, 185, 186, which provide that, where a party has been adjudged a bankrupt, notice may be given either to the party himself or his trustee, and that "notice of dishonor is not required to be given to the drawer * * * where the drawer and drawee are the same person," or "to an indorser * * * where the indorser is the person to whom the instrument is presented for payment," where the maker and indorser of notes were partners, and were adjudged bankrupts, both as partners and individually, before the notes matured, and the same trustees were appointed for all the estates, notice of nonpayment on the maturity of the notes was not necessary to bind the estate of the indorser.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 469–473, 478, 483–487, 489, 490; Dec. Dig. § 314.*]

In the matter of T. A. McIntyre & Co. and Thomas A. McIntyre, Jr., bankrupts. On review of order of referee expunging claim of Anna Knox McIntyre against the estate of Thomas A. McIntyre, Jr. Reversed.

Sullivan & Cromwell (Emery H. Sykes, of counsel), for Anna Knox McIntyre.

Irving L. Ernst and D. Raymond Cobb, for trustee.

HOLT, District Judge. This is a petition to review an order of a referee expunging a claim of Anna Knox McIntyre against the individual estate of Thomas A. McIntyre, Jr. The claim was based upon two notes, for $2,500 each, made by Thomas A. McIntyre, Sr., the former husband of Anna Knox McIntyre, in payment for property transferred by her to him, and indorsed by Thomas A. McIntyre, Jr.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Thomas A. McIntyre, Sr., and his son, Thomas A. McIntyre, Jr., were partners in the firm of T. A. McIntyre & Co. The firm and each of its members was adjudicated a bankrupt in April, 1908. At the time of the adjudication the two notes were not due. By their terms one became due October 1, 1908, and the other February 1, 1909. Thomas A. McIntyre, Sr., died July 29, 1908. Thomas A. McIntyre, Jr., was appointed his executor, and qualified, in December, 1908. The trustees in bankruptcy of the firm were also the trustees of each individual member. The referee has held that the individual estate of Thomas A. McIntyre, Jr., has been discharged from liability on the notes by reason of the fact that notice of the nonpayment of the notes was not given to the indorser at the times the notes by their terms respectively matured.

The question in this case is a novel and somewhat difficult one. It is obvious that notice of nonpayment of the notes to the indorser in this case would have been an almost meaningless formality; but that is often the case, where such notice is held to be strictly necessary in order to charge an indorser. But in my opinion the question is determined by the provisions of the Negotiable Instruments Act of New York. Section 172 of that act provides as follows:

"Where a party has been adjudicated a bankrupt, * * * notice may be given either to the party himself or his trustee."

Section 185 provides:

"Notice of dishonor is not required to be given to the drawer in either of the following cases: Where the drawer and drawee are the same person."

Section 186 provides:

"Notice of dishonor is not required to be given to an indorser in any of the following cases: * * * (2) Where the indorser is the person to whom the instrument is presented for payment."

In this case the trustees in bankruptcy of the firm and of Thomas A. McIntyre, Sr., individually, and of Thomas A. McIntyre, Jr., individually, were the same persons. Under section 172, above quoted, they were the proper persons upon whom a demand should have been made against the maker, or to whom notice should have been given to charge the indorser. Under section 185, the maker and indorser of the notes, whose position in commercial law is analogous to ..at of the drawee and drawer of a draft, both being represented by the same trustees, notice of dishonor, in my opinion, was not required to be given to the indorser. Also, under section 186, notice of dishonor is not required to be given to an indorser, where the indorser is the person to whom the instrument is presented for payment. That is to say, the trustees of the indorser, being the trustees of the maker, were the persons to whom the instrument was to be presented for payment.

The referee states in his opinion that the notes in question were not provable debts against Thomas A. McIntyre, Jr., at the time of his bankruptcy, and that they could not become provable debts until after demand and protest for nonpayment at maturity, or a waiver of such demand and notice by the indorser. The counsel for Mrs. McIntyre argues that, as the notes, by the terms of the Bankrupt Act, were

provable against the maker after bankruptcy before maturity, they could be similarly proved against the indorser before maturity; that is, that the contract of the indorser was subject to be affected by bankruptcy in the same way as the contract of the maker. It seems to me unnecessary to decide this question. A demand is not necessary to charge the maker of a note at its maturity. A demand of the maker is necessary to charge an indorser, because it is a necessary preliminary to a notice of nonpayment to an indorser. The referee held that notice of dishonor must have been given to the indorser at the maturity of the note, or that the indorser must have waived such notice, in order to hold his estate. Admittedly no such notice was given; but there is evidence in the case which it is claimed establishes that Thomas A. McIntyre, Jr., waived such notice.

The referee states in respect to this evidence that he does not think that the indorser, after bankruptcy and the appointment of the trustees, had the right or power to waive demand and protest of these notes, and thus impose a liability upon his individual estate in favor of his mother, to the detriment of the rights of other creditors. But as the New York statute substitutes the trustee in bankruptcy as the person to whom notice may be given, it seems to me immaterial to consider whether Thomas A. McIntyre, Jr., did waive notice, or whether he had power to waive notice. If the trustees of his individual estate had been different persons from the trustees of his father's estate, the question would have arisen whether formal notice of the dishonor of the note at maturity to the trustees of his individual state could be dispensed with, or had been waived; but as the trustees in bankruptcy of the father and son are the same persons, I think, under the provisions of the New York statute, no notice of nonpayment of the note was necessary to be given to them.

My opinion is that the referee's order expunging these claims should not be affirmed, and that the proof of the two notes should stand.